1  Michael A. McGill SBN 231613
   **LACKIE & DAMMEIER LLP**
2  367 North Second Avenue
   Upland, CA 91786
3  Telephone: (909) 985-4003
   Facsimile: (909) 985-3299
4  mcgill@policeattorney.com

5  Attorneys for Plaintiffs
   RAYMOND ARRETCHE AND STEVE HOBB

6

7

8                UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10 RAYMOND ARRETCHE and STEVE        Case No.:
   HOBB,
                                      **CV 05 - 06581 RJK (VBKx)**
11
             Plaintiffs,             **COMPLAINT FOR DAMAGES
12                                   AND INJUNCTIVE RELIEF FOR
                                     VIOLATION OF INDIVIDUAL
13      v.                           CIVIL RIGHTS AND LIBERTIES,
                                     WITH SUPPLEMENTAL STATE
14 CITY OF BEAUMONT, A Municipal     LAW CLAIMS;**
   Corporation; CITY OF BEAUMONT
15 POLICE DEPARTMENT, A              [42 USC § 1983; Cal. Const. Art. I, §§
   Department Thereof; PATRICK A.    2, and 3; California Government Code
16 SMITH, Individually and as Chief of §§ 3302, 3309.5, 3502.1, 3506, 3502,
   Beaumont Police Department,       3508; California Labor Code §§ 1101,
17                                   1102, 1102.5]
18           Defendants.
                                     **DEMAND FOR JURY TRIAL**
19                                   [F.R. Civ. P. Rule 38; C.D. Cal. Local
                                     Rule 38-1]
20

21

22

23

24                                   **I.**

25                                   **PREFATORY**

26      1.    This is an action for damages and injunctive relief for personal injury

27 suffered by Plaintiffs Raymond Arretche and Steve Hobb as a result of the

28 wrongful retaliation for the lawful exercise of individual civil rights and liberties of

                                      1



9/7/2005 10:22:56 AM Receipt #: 3846
Cashier : LMURRAY CRS 4-13
Paid by: LACKIE AND DAMMEIER LLP
2:CV05-06581
2005-806900          5 - Civil Filing Fee (1)
Amount :                          $60.00
2:CV05-06581
2005-510006         11 - Special Fund F/F (1)
Amount :                        $190.00
Check Payment : 5253 /           250.00
Total Payment :                  250.00

1   free expression and association, labor organizational, and social and political

2   activities.

## II.

## JURISDICTION AND VENUE

5      2.     Subject matter jurisdiction is conferred by 28 USC §§ 1331 (Federal

6   question) and 1343 [3] (Civil Rights).  Federal supplemental jurisdiction over the

7   state law claims is conferred by 28 USC § 1367.  Venue is proper in the Central

8   District of California in that the wrongs alleged herein occurred within the City of

9   Beaumont, County of Riverside, within the Central District.

## III.

## PARTIES

12      3.     Plaintiffs RAYMOND ARRETCHE ("Arretche") and STEVE HOBB

13   ("Hobb") were employed as Police Officers for the City of Beaumont at all times

14   relevant to the allegations herein.  Arretche and Hobb were members of the

15   Beaumont Police Officers Association and served as President and Vice- president

16   of the Association Board of Directors, respectively.  Arretche and Hobb held their

17   positions as vested and substantial property rights, not to be removed, suspended,

18   or reduced in their positions, salary, or benefits, except for cause.  Arretche and

19   Hobb are entitled to the protections of the Public Safety Procedural Bill of Rights

20   Act.  (Government Code §§ 3300, et seq.).  At all times relevant, Arretche and

21   Hobb were representative members of the Beaumont Police Officers Association

22   ("Association").  The Association is a non-profit mutual benefit association

23   organized under the authority of the Meyers-Milias-Brown Act (Government Code

24   §§3500 et seq.) composed of Police Officers for the City of Beaumont.  The

25   Association is organized pursuant to California Government Code § 3502, and is

26   the recognized bargaining unit for Police Officers within the Beaumont Police

27   Department.  In doing the things alleged herein, Plaintiffs were acting on behalf of

28

COMPLAINT FOR DAMAGES

1   the Association when undertaking the political and representational activities
2   described herein.

3       4.   Defendant City of Beaumont ("City") is a duly constituted municipal
4   corporation operating under the laws of the State of California.  Defendant
5   Beaumont Police Department ("Department") is an operating Department within
6   the City.  At all times relevant herein, for all purposes connected with the
7   management of employment relations matters within the Department, Defendant
8   City delegated its official policy-making authority to Defendant Patrick A. Smith
9   and adopted and ratified each of the decisions of Defendant Smith as alleged herein
10  as its own policies, customs, practices or decisions, as if the same had been
11  promulgated directly by the City, except as expressly appears herein to the
12  contrary.

13      5.   Defendant PATRICK A. SMITH ("Smith") was at all times relevant,
14  as he is now, the Chief of Police of the Department.  Smith is sued individually and
15  in his official capacity as Chief of Police of the City of Beaumont.  In doing the
16  things alleged herein, Smith acted under color of state law, within the course and
17  scope of his employment, and as an official policy-maker of the City of Beaumont.
18  Smith is a Department Head and official of the Defendant City of Beaumont,
19  vested with policy-making authority over personnel actions such as the ones at
20  issue in this complaint.

21      6.   Defendants, and each of them, was the agent, employee and servant of
22  every other Defendant.  Defendants acted in the course and scope of said agency,
23  service and employment at all relevant times.

24  **IV.**
25  **FACTS COMMON TO ALL COUNTS**

26  //
27  //
28  //

3

*The Protected Activities*

7.     As Association President and Vice-president, Plaintiffs have made numerous statements critical of the Defendants' (particularly Defendant Smith's) management practices and policies.

8.     In or around December 2004, Plaintiffs Arretche and Hobb initiated a successful vote on the part of the Beaumont Police Officers Association to rescind endorsement of Defendant Smith to serve on a committee of California's Peace Officer Standards and Training (POST).  The vote was unanimous.  As a result of the lack of support for Chief Smith, a letter was written to POST explicitly setting forth the Association's lack of support and revoking their endorsement.  Two weeks after the letter was sent to POST, the Association forwarded a copy to Chief Smith, the City Manager and the City Council.  However, Defendant Smith was immediately informed about the vote and the revocation prior to the Beaumont Police Officers Association forwarding their letter to POST.

9.     In or around December 2004, Arretche and Hobb, in their representative capacity and at an Association meeting, were successful in obtaining Association support to bring attention to what was believed to be wrongful, unfair, and highly suspect promotional practices of Defendant Smith.  As a result of obtaining Association support, Arretche and Hobb sought a meeting with the City Manager to highlight significant problems within the department that seriously undermined officer morale and affected officer efficacy.  Specifically, Arretche and Hobb sought to address concerns as to a Police Sergeant who had recently been investigated, both administratively and criminally, for discharging a firearm off duty, which the Department administration sought to "cover up" and refused to file criminal charges.  Department morale thereafter diminished further when, despite the aforementioned, this Police Sergeant was subsequently promoted to Lieutenant within half a year.  Plaintiffs, on behalf of the Association, thereafter sought to identify and "bring to light" the disparate treatment with respect to this

4

1  Police Sergeant, since other officers had committed less serious offenses, but had
2  been subjected to much more severe discipline as a result. The meeting was
3  scheduled with the City Manager for January 6, 2005, but was cancelled
4  unilaterally by the City Manager shortly before.

5                              *Adverse Employment Actions*

6       10.    On January 10, 2005, Plaintiffs were placed on administrative leave
7  pending an internal affairs investigation for "potentially serious and disruptive
8  misconduct." Defendants' internal affairs investigation is currently ongoing, and
9  has amounted to nothing more than a "fishing expedition" in hopes of locating
10  even the appearance of impropriety upon which Defendants can form the basis of
11  discipline, when in fact, said investigation was initiated solely in retaliation for
12  Plaintiffs' actions as alleged herein.

13       12.    Defendants' internal affairs investigation has been, and remains
14  completely pretextual as evidenced by the generalized, far-reaching, and non-
15  specific nature of the questions posed throughout the course of the investigative
16  interviews. Furthermore, investigators have intruded upon confidential
17  Association business seeking information not relevant to the internal affairs
18  investigation.

19       13.    As a result of the unnecessarily protracted internal affairs
20  investigation, an in recognition of its clear retaliatory basis, Defendants conduct
21  effectively forced Plaintiffs to resign. On or about April 25, 2005, Plaintiffs were
22  constructively discharged as police officers with the Beaumont Police Department.
23  As of the date of this filing, Plaintiffs have not been made aware of the status of
24  the pending internal affairs investigation.

25                                        **V.**

26                **GOVERNMENTAL TORT CLAIM COMPLIANCE**

27       14.    Although a tort claim need not be filed in civil rights action, Plaintiffs
28  filed a tort claim pursuant to Government Code §§910 et seq. on January 24, 2005.

No response was received from the Defendants, and pursuant to Cal. Government Code §912.4(c), the claim was considered rejected on March 10, 2005. Plaintiffs have complied with all other conditions precedent to the maintenance of this action.

15.    Plaintiffs have no plain, speedy, nor adequate remedy at law to prevent future violations of their civil rights, and therefore seek extraordinary relief in the form of permanent injunctions, as hereafter described.

## VI.

## COUNT ONE

### 42 USC § 1983 – Against all Defendants

16.    In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiffs Arretche and Hobb under the First and Fourteenth Amendments to the United States Constitution. The acts and omissions of Defendants, and each of them, were done by Defendants under color of state law in their capacity as a municipality chartered under state law, and as policy making authorities to which Defendant City delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed. The acts and omissions of Defendants as alleged herein manifested or conformed to official policies, customs, practices, or decisions of Defendant City, in that City delegated to Defendant Smith its policy making authority in all matters of employment relations within the Beaumont Police Department, and/or Defendant City, with knowledge of the afore said policies, customs, practices and decisions of Defendant Smith, approved, ratified and adopted said policies, customs, practices and decisions. Specifically, Defendant Smith, at all times relevant to the allegations herein, maintain final policy making authority with respect to internal affairs investigations into Department officer. It was or should have been plainly obvious to any reasonable policy making official of Defendant City that the acts and omissions of Defendants

6

as alleged herein, taking singly or in conjunction, directly violated and continued to violate plaintiffs clearly established constitutional and statutory rights.  In doing the things alleged herein, Defendants acted with malicious intent to violate these Plaintiffs' rights, or at least in conscious, reckless, and callous disregard of Plaintiffs' rights and to the injurious consequences likely to result from a violation of said rights.  General, special, and exemplary damages are sought according to proof.  Punitive damages are sought only against Defendant Smith according to proof.  Injunctive relief is sought to command Defendants to reinstate Plaintiffs to their positions within the City, to cease and desist from continuing with the aforementioned internal affairs investigation, and to remove and expunge from their personnel file(s) any and all documents that make mention or reference said investigation.

   17. Plaintiffs have suffered mental anguish, humiliation and emotional distress as a consequence of Defendants' conduct and economic damages according to proof at trial.

**VII.**

**COUNT TWO**

Supplemental State Claims – Against All Defendants

   18. In doing the things alleged herein, Defendants violated the rights of Plaintiffs under California Labor Code §1102 by attempting to influence or coerce political activity by retaliating against Plaintiffs for seeking a vote to revoke POST endorsement of Defendant Smith and for calling into question Department promotional practices.  Defendants further violated Labor Code §1101 by controlling and directing, or tending to control or direct the political activities or affiliations of its employees by retaliating against Plaintiffs for seeking a vote to revoke POST endorsement of Defendant Smith and for calling into question Department promotional practices.  Defendants further violated Labor Code

7

§1102.5 by retaliating against Plaintiffs for disclosing information to the City that the Plaintiffs reasonably believed constituted violations of state or federal.

19.     In doing the things alleged herein, Defendants violated the rights of Plaintiffs under California Government Code §§3302, 3309.5 which prohibit a public safety employer from interfering with political activities of its public safety officers.  Defendants further violated Government Code §3502.1 by taking punitive action against Plaintiffs for lawful union activity, including initiating a union vote on Association support of the Chief of Police and addressing Association concerns with the City Manager.  Defendants further violated Government Code §§3502, 3506 by interfering with, intimidating, restraining, coercing or discriminating against Plaintiffs because of their exercise of their lawful rights to form, join, and participate in employee organizations.  Defendants further violated Government Code §3508 by prohibiting Plaintiffs from participating in employee organizations composed solely of peace officers.

20.     In doing the things alleged herein, Defendants violated the rights of Plaintiffs under the California Constitution, Article I, §§2, 3, by restraining Plaintiffs' liberty of speech and assembly by placing Plaintiffs on administrative leave pending an internal affairs investigation without basis and solely in retaliation for engaging the aforementioned acts of free speech.

**VIII.**

**PRAYER**

WHEREFORE, Plaintiffs pray:

1.     For general, special, exemplary and punitive damages according to proof;

2.     For injunctive relief;

3.     For costs of suit;

4.     For attorneys fees under 42 USC §1988 and otherwise as permitted by law; and

8

1    5.     For other appropriate relief.

2

3   Dated:  August 26, 2005                    Respectfully Submitted,

4                                              LACKIE & DAMMEIER LLP

5

6                                              Michael A. McGill

7                                              Attorneys for Plaintiffs,

8                                              RAYMOND ARRETCHE and
                                               STEVE HOBB
9

10                        **DEMAND FOR JURY**

11      Plaintiffs hereby demand a jury trial under F.R. Civ. P., Rule 38 and C.D.

12   Cal. Rule 38-1.

13

14   Dated this 26th day of August, 2005.

15

16                                             Respectfully submitted,

17                                             **LACKIE & DAMMEIER LLP**

18

19                                             Michael A. McGill

20                                             Attorneys for Plaintiffs,

21                                             RAYMOND ARRETCHE and
                                               STEVE HOBB
22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES